**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TOMMY WILSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ALLSTATE INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Insurance Company in Cause No. 005-02657-2016, pending in the County Court At Law Number 5 of Collin County, Texas, files this Notice of Removal from that court to the United States District Court for the Eastern District of Texas, Sherman Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1    On or about November 15, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Tommy Wilson v. Allstate Insurance Company,* Cause No. 005-02657-2016, pending in the County Court At Law Number 5 of Collin County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

**NOTICE OF REMOVAL - PAGE 1**
2615576v1
03646.912

1.2     Plaintiff served Defendant Allstate Insurance Company ("Allstate") with Plaintiff's Original Petition and process on November 21, 2016, by certified mail on its registered agent, CT Corporation System.

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is a copy of the state court docket sheet.  A copy of all pleadings that assert causes of action, all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) is attached as Exhibit "B."  A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by the attorneys is attached as Exhibit "C."  A list of all parties in the case, their party type and current status of the removed case, the name and address of the court from which the case is being removed, and a record of which parties have requested trial by jury is attached as Exhibit "D."

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

   A.     **THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP.**

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Collin County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 2. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     With respect to Defendant, Allstate Insurance Company, Plaintiff has fraudulently joined, or fraudulently misjoined, Allstate Insurance Company in this action.  The party that issued the Plaintiff's homeowners policy in this case, and who is the only proper Defendant, is Allstate Vehicle and Property Insurance Company.  *See* Exhibit "E." Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.6     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the

presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.7    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.8    Plaintiff seeks 18% interest. *See* Plaintiff's Original Petition, ¶ 40. Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶ 39. Plaintiff seeks attorney's fees.[1] *See* Plaintiff's Original Petition, ¶¶ 38, 39, 40. Plaintiff seeks compensatory damages, economic hardship, exemplary damages, and damages for emotional distress. *See* Plaintiff's Original Petition, ¶ 41. Plaintiff seeks to be awarded attorneys' fees for trial and any appeal of this case, f *See* Plaintiff's Original Petition, ¶ 42. As such, Plaintiff's claim for compensatory, treble and exemplary damages, attorney's fees, penalties, and interest greatly exceeds $75,000.00.

2.9    Although one sentence in Plaintiff's Original Petition alleges that Plaintiff seeks "monetary relief of less than $75,000.00" in damages, this allegation conflicts with the other demands and allegations set forth above and does not eliminate damages over $75,000.00 from controversy in this case. In ¶ 44, Plaintiff states that "Plaintiff cannot assess accurately a definite limit to the damages he has sustained or will sustain in the future" and that "projections have not been declared regarding the full extent and severity of the damages" This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

---

[1] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.] June 30, 2016).

**NOTICE OF REMOVAL - PAGE 4**
2615576v1
03646.912

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was first served with Plaintiff's Original Petition and process on November 21, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Collin County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Vanessa A. Rosa*
    Vanessa A. Rosa
    State Bar No. 24081769
    vrosa@thompsoncoe.com
    Roger D. Higgins
    State Bar No. 09601500, IL 6182756
    rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Fax:    (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on December 20, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

    Timothy M. Hoch
    tim@hochlawfirm.com
    HOCH LAW FIRM, PC.
    5616 Malvey Avenue
    Fort Worth, Texas 76107
    Tel: (817)731-9703
    Fax: (817)731-9706

*/s/ Vanessa A. Rosa*
    Vanessa A. Rosa