Electronically Filed 11/15/2016 12:13:10 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Deborah Crone, Deputy
Envelope ID: 13797695

CAUSE NO. 005-02657-2016

| | | |
|---|---|---|
| TOMMY WILSON, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TOMMY WILSON ("Plaintiff"), and file this *Plaintiff's Original Petition*, complaining of ALLSTATE INSURANCE COMPANY ("Allstate Insurance Company" or "Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.    Plaintiff Tommy Wilson is an individual and resident of 6815 McWhirter Rd., Allen, Texas 75002.

Defendant Allstate Insurance Company is a Texas domiciled insurance company engaging in the business of insurance with a principal place of business in the State of Texas. This Defendant

1



can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **C T Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-3136.**

## III.
## JURISDICTION & VENUE

3.     The Court has subject matter jurisdiction over this cause, because the amount in controversy is within the jurisdictional limits of the Court.

4.     Plaintiff sues for monetary relief less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. The damages sought are within the jurisdictional limits of the Court.

5.     The Court has jurisdiction over Defendant Allstate Insurance Company, because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

6.     Venue is proper in Collin County, Texas, because the insured property is situated in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.
## FACTS

7.     Plaintiff is the owner of a Texas Property's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate Insurance Company.

8.     Plaintiff owns the insured property, which is specifically located at 6815 McWhirter Rd., Allen, in Collin County, Texas, (hereinafter referred to as "the Property").

9.     Allstate Insurance Company sold the Policy insuring the Property to Plaintiff.

10.     In March of 2016, a wind and hail storm caused damages to Plaintiff's home. Immediately after the incident, Plaintiff filed a claim with their insurance company, Allstate Insurance Company, for the damages to their home caused by the wind and hail storm.

11.     Plaintiff asked that Allstate Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the affected areas.

12.     Defendant's adjusters were inadequately trained and failed to thoroughly investigate the damages. Defendant's estimates resulted in Plaintiff's claims for damages being denied. This caused a delay in Plaintiff's ability to repair their property and put them at risk of incurring further problems.

13.     Defendant set about to deny properly covered damages. As a result of Defendant's unreasonable investigation of Plaintiff's claims, including not providing full coverage for the damages sustained by Plaintiff and thus denying adequate and sufficient payment to Plaintiff to repair their property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in their ability to fully repair their property, which has resulted in additional damages.

14.     As detailed in the paragraphs below, Allstate Insurance Company wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

15.     Defendant Allstate Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy

had been carried out and accomplished by Plaintiff.  Allstate Insurance Company's conduct constitutes a breach of the insurance contract between Allstate Insurance Company and Plaintiff.

16.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

17.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(2)(A).

18.     Defendant failed to deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of rejection, regarding the full and entire claim, in writing from Defendants.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

19.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

20.     From and after the time Plaintiff's claim was presented to Defendant Allstate Insurance Company, the liability of Allstate Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Allstate Insurance

Company has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. As a result of Defendant's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of Hoch Law Firm to represent them with respect to these causes of action.

22. Plaintiff's experience is not an isolated case. The acts and/or omissions Allstate Insurance Company committed in this case, or similar acts and/or omissions, occur with such frequency that they constitute a general business practice of Allstate Insurance Company with regard to handling these types of claims. Allstate Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## V.
## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST ALLSTATE INSURANCE COMPANY

23. Defendant Allstate Insurance Company is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

24. Defendant Allstate Insurance Company's conduct constitutes a breach of the insurance contract made between Allstate Insurance Company and Plaintiff.

25. Defendant Allstate Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate Insurance Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

26.     Defendant Allstate Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

27.     Defendant Allstate Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

28.     Defendant Allstate Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

29.     Defendant Allstate Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

30.     Defendant Allstate Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

31.    Defendant Allstate Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

32.    Defendant Allstate Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33.    Defendant Allstate Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

34.    Defendant Allstate Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

35.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a proximate cause of Plaintiff's damages described herein.

### VI.
### DAMAGES

36.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute a proximate cause of the damages sustained by Plaintiff.

37.    As previously mentioned, the damages caused by the storm have not been properly addressed or repaired, causing further damages to the Property, and causing undue hardship and

burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

38.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

39.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE § 541.152.

40.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE § 542.060.

41.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

42.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are attached to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VII.
### JURY DEMAND

43.      Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Collin County, Texas.

## VIII.
### TEXAS RULES OF CIVIL PROCEDURE 47(C) STATEMENT REQUIREMENT

44.      At this time, Plaintiff cannot assess accurately a definite limit to the damages he has sustained or will sustain in the future as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what he may present to the jury or what the jury may consider as a range of damages in this case; however, he makes the following representation in compliance with TEX. R. CIV. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under TEX. R. CIV. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief of less than $75,000.00.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,


/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile
tim@hochlawfirm.com

**THE STATE OF TEXAS**
**COUNTY OF COLLIN**

### CITATION-CERTIFIED MAIL

### 005-02657-2016

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   ALLSTATE INSURANCE COMPANY
      1999 BRYAN STREET
      SUITE 900
      DALLAS TX  75201-3136

You are commanded to appear by filing a written answer to Plaintiff's Plaintiff's Original Petition at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before County Court at Law 5 of Collin County, Texas at the Courthouse of said McKinney, Texas. Said Plaintiff's Petition was filed on this the 15th day of November, 2016.

REQUESTED BY:      **Timothy M Hoch**
                   **5616 Malvey Avenue**
                   **Ft Worth, Texas 76107**
                   **817 731 9703**

The file number of said suit being: **005-02657-2016**

**TOMMY WILSON  VS. ALLSTATE INSURANCE COMPANY**

Issued and given under my hand and seal of said Court at office in Collin County, McKinney, Texas, on this the 16th day of November, 2016.



**ATTEST: STACEY KEMP, COUNTY CLERK**
Collin County, Texas
2100 Bloomdale Road, Suite 12165
McKinney, Texas 75071
972-548-6423, METRO 972-424-1460 EXT. 6423

Signed: 11/16/2016 1:59:38 PM

Issued By: _____ ,Deputy
                   Sharon Howard

### OFFICER'S RETURN BY MAILING

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of
_____, 20_____
was delivered to

I hereby certify that on the _____ day of
_____, 20_____
was returned un-served to

RULE 106(a)(2) The citation shall be served by
mailing to the defendant by certified mail, return
receipt requested, a true copy of the citation.
Sec.17.027 rule of Civil Practice and Remedies code
if not prepared by the Clerk of the Court

Defendant(s) by registered mail or certified mail, with
delivery restricted to addressee only, return receipt
requested, a true copy of this citation with a copy of the
petition attached thereto.

_____
Name of Preparer               Title

_____
                Title

_____
            Address

_____
City                 State   Zip

Place white slip here.

Place Green Card here.

Fee for Serving Citation $75.00

**TO:**

FILED
COUNTY COURT AT LAW

Allstate Insurnace Com... any
C T Corporation System
1999 Bryan St
Ste. 900
Dallas, TX 75201-3136

NOV 18 2016

STACEY KEMP COUNTY CLERK
COLLIN COUNTY, TEXAS
BY _____ DEPUTY

**SENDER:** CCAL #5-2657-2016

**REFERENCE:** Allstate Ins.

Showard

9314 7699 0430 0028 5468 22

PS Form 3800, January 2005

| | Postage | |
|RETURN RECEIPT SERVICE| Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | 7.78 |

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

NOV 17 2016

KINNEY TX

USPS

9314 7699 0430 0028 5468 22

| | |
|---|---|
| 3. Service Type **CERTIFIED MAIL®** | |
| 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |
| 1. Article Addressed to: | |

Allstate insurnace Company
C T Corporation System
1999 Bryan St
Ste. 900
Dallas, TX 75201-3136

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
NOV 2 1 2016

C. Signature

X   Chris Wells    ☐ Agent
                   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

**Reference Information**

FILED
COUNTY COURT AT LAW
NOV 28 2016
STACEY KEMP COUNTY CLERK
COLLIN COUNTY, TEXAS

PS Form 3811, January 2005          Domestic Return Receipt

Electronically Filed 12/9/2016 3:34:09 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Linda Patrizio, Deputy
Envelope ID: 14210545

## CAUSE NO. 005-02657-2016

| | | |
|---|---|---|
| TOMMY WILSON, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | COLLIN COUNTY, TEXAS |
| **Defendant.** | § | |

## VERIFIED ORIGINAL ANSWER OF
## DEFENDANT ALLSTATE INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, ALLSTATE INSURANCE COMPANY files this Original Answer and would respectfully show the following:

### I.
### ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DENIAL OF CONDITION PRECEDENT

2.1     The policy contains certain conditions that have not been satisfied that bar Plaintiff's recovery, in whole or in part, as follows:

**A.     NO ACTION CLAUSE**

2.2     The policy specifically provides, as a condition to property loss coverage, that no suit can be brought against Allstate unless the policy provisions have been complied with:

13.    **Action Against Us**

No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:

a)    there has been full compliance with all policy terms; and

b)    the action is commenced within two years and one day from the date the cause of action first accrues; and

c)    in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss, which contains, to the best of **your** knowledge and belief, the following information:

1)    the date, time, location and cause of loss;

2)    the interest **insured persons** and others have in the property, including any encumbrances;

3)    any other insurance that may cover the loss;

4)    any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

5)    at **our** request, the specifications of any damaged **building structure** or other structure;

6)    the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

7)    the amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

8)    in the event that **you** give **us** a signed proof of loss, and after submitting that to **us**, **you** determine that you want to include a claim for additional damage or loss, **you** must submit to **us** a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

d)    If after **we** receive **your** proof of loss as described in paragraph c) above, **you** and **we** are still not able to agree on the amount of loss, then either party may make a written demand for an appraisal, as described in **Section I Conditions, Appraisal**. If this demand for appraisal is made before an action is filed against **us** in a court of competent jurisdiction, then appraisal must occur before a suit can be filed against **us**. If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made as described in **Section I Conditions, Appraisal**.

\* \* \*

2.3    Plaintiff's failure to submit a signed and sworn proof of loss at least 91 days before commencing an action against Defendant constitutes a breach of the "no action" clause. Accordingly, Plaintiff is barred from proceeding with any lawsuit and from recovering any damages, attorneys' fees, interest or other amounts from Allstate unless and until the policy conditions have been satisfied.

## B.   LOSS ABOVE THE DEDUCTIBLE

2.4    Allstate's obligation to pay under the policy extends, if at all, only to a covered loss that exceeds the policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### III.
### AFFIRMATIVE DEFENSES

**A.    LIMITATION ON PUNITIVE/EXEMPLARY DAMAGES**

3.1     Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060.   Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

3.2     As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages.   The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects:

a)      Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.   Due process

requires proof of such claims by at least clear and convincing evidence standard of proof.

    b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

## B.    BONA FIDE DISPUTE

3.3    By way of affirmative defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a bona fide dispute.  The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims.

## C.    EXCESSIVE DEMAND

3.4    Plaintiff's claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand.

## IV.
## PRAYER

Defendant ALLSTATE INSURANCE COMPANY prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and that Defendant recover their court costs and other such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No.  09601500
Ashley B. Stainton
State Bar No. 24095731
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:      (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: astainton@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY**

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared ASHLEY B. STAINTON, who being by me first duly sworn did on her oath depose and say that every factual assertion contained within Section II – Denial of Conditions Precedent, Subsections A & B are true and correct.

_____
Ashley B. Stainton

SUBSCRIBED AND SWORN TO BEFORE ME this December 9, 2016.

_____
Notary Public, State of Texas

Doris A. Joiner
_____
Printed Name of Notary

My Commission Expires:



DORIS A. JOINER
Notary Public, State of Texas
Comm. Expires 10-07-2018
Notary ID 145063-7

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Timothy M. Hoch
State Bar No. 09744950
HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 — facsimile
tim@hochlawfirm.com
ATTORNEY FOR PLAINTIFF

*/s/ Ashley Stainton*
Ashley B. Stainton