# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TOMMY WILSON <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY | § <br> § Civil Action No. 4:16-CV-970 <br> § (Judge Mazzant/Judge Nowak) <br> § <br> § <br> § |

# MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 5, 2017, the report of the Magistrate Judge (Dkt. #31) was entered containing proposed findings of fact and recommendations that Defendant Allstate Insurance Company's ("Defendant") Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction and Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss") (Dkt. #21) be denied. Having received the report and recommendation of the Magistrate Judge (Dkt. #31), having considered Defendant's timely filed objections (Dkt. #32), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #31) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

On November 15, 2016, Plaintiff Tommy Wilson ("Plaintiff") filed the present suit, asserting claims against Defendant for breach of contract and violations of the Texas Insurance Code (Dkt. #1). Plaintiff is the owner of a Texas Homeowner's Insurance Policy (the "Policy") issued by Allstate Vehicle and Property Insurance Company, for the period beginning December 7, 2015 to December 7, 2016 (Dkt. #1, Exhibit E). In March 2016, Plaintiff's home,

1

located at 6815 McWhirter Rd., Allen, Texas 75002 (the "Property"), was damaged by a wind and hail storm; Plaintiff submitted a claim for the resulting damage after the storm (Dkt. #11 at 3). Plaintiff asserts that Defendant grossly underestimated the damage to the Property. On February 6, 2017, Defendant filed its Motion to Dismiss (Dkt. #21), arguing that Plaintiff's suit was not yet ripe because of Plaintiff's failure to comply with the Policy's express requirement to submit a sworn proof of loss ("POL") 91 days before filing suit against Defendant, and also alleging that Plaintiff had failed to state a claim. The relevant portion of the Policy, setting forth the POL requirement, states:

> 13. **Action Against Us**
>
> No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:
>
> a) there has been full compliance with all policy terms; and
>
> b) the action is commenced within two years and one day from the date the cause of action first accrues; and
>
> c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that we receive from **you** a signed sworn proof of loss. . .

(Dkt. #21, Exhibit A). The Parties agree that Plaintiff did not submit a POL prior to initiating litigation against Defendant Allstate. On February 16, 2017, Plaintiff timely filed a Response to Defendant's Motion to Dismiss (Dkt. #24). On February 23, 2017, Defendant filed a Reply (Dkt. #25). The Magistrate Judge entered a report and recommendation on March 5, 2017, recommending Defendant's Motion to Dismiss be denied (Dkt. # 31). Subsequently, Defendant timely filed objections on March 20, 2017 (Dkt. # 32).

2

**DEFENDANT'S OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes neither party objects to the Magistrate Judge's findings regarding Defendant's request to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim, namely that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion (Dkt. #31 at 7). As such, and after de novo review of the record, the Court holds this finding is correct.

The Court now turns to Defendant's objections, which focus on its request to dismiss for lack of subject matter jurisdiction. Defendant objects to the Magistrate Judge's finding that, notwithstanding Plaintiff's failure to submit a POL prior to filing suit, Plaintiff's suit is ripe for adjudication. Defendant specifically argues that the Magistrate Judge erred in (i) finding the POL requirement was not triggered, (ii) finding the "Action Against Us" provision does not bar Plaintiff's suit, and/or (iii) finding that Plaintiff has substantially complied with the POL condition.

*Magistrate Judge's Findings Regarding POL*

Defendant first asserts that the Magistrate Judge "seems to rely on the dispute over just the structures on Plaintiff's property being used in whole or in part for business purposes in concluding that coverage, rather than the amount of loss, is the basis for the parties' dispute . . ." (Dkt. #32 at 4). Defendant contends that because a significant dispute exists regarding the amounts necessary to compensate Plaintiff for the covered damages to the Property, the POL requirement must be applied. The Court agrees that the proof of loss provision is only triggered by a dispute as to the amount of loss. Here, the Magistrate Judge did not make an express finding regarding the type of dispute at issue, be it a coverage dispute or dispute regarding the amount of loss. Rather, the Magistrate Judge assumed that the POL provision did apply to this dispute and proceeded to

analyze the prejudice, if any, imposed on Defendant by Plaintiff's failure to comply with the clause. The Court, therefore, overrules this objection.

Defendant also vehemently objects to the Magistrate Judge's findings that the POL provision does not bar Plaintiff's suit and/or that Plaintiff's civil complaint constitutes "substantial compliance" with the POL condition. Both of these arguments are leveled at the reasoning adopted by the Magistrate Judge from *Polen v. Allstate Vehicle & Property Insurance Co.*, No. 4:16-CV-843, 2017 WL 661836 (E.D. Tex. Feb. 17, 2017) and as such the Court considers Defendant's final two objections together. Defendant specifically contends that the cases cited in support of the holding in *Polen* apply to liability —not property insurance— policies and, further, that the provisions at issue relate to notice, not proof of loss. To that end, Defendant further argues that the POL is an express contractual condition precedent to suit for which Plaintiff bargained, and that the Court has oversimplified the consequences of Plaintiff's non-compliance.

Defendant's attempt to distinguish *Polen* is unavailing. Defendant concedes that the primary purpose of requiring a sworn proof of loss is to permit Defendant "to investigate the circumstances and sworn facts of Plaintiff's disagreement, to prevent fraud, and to have the ability to resolve their dispute through further negotiation or appraisal" before the filing of suit (Dkt. #21 at 6). Thus the proof of loss provision, akin to a notice provision, is aimed, in large part, at aiding the insurer in administration of its coverage of claims. *See e.g., Stonewall Ins. Co. v. Modern Expl., Inc.,* 757 S.W.2d 432, 435 (Tex. App. —Dallas 1988, no writ) (finding the primary purpose of a prompt notice and proof of loss provision in a policy is to allow the insurer to investigate the incident close in time to the occurrence, while the evidence is fresh, so that it may accurately determine its rights and liabilities under the policy); *Hanover Ins. Co. of N.Y. v. Hagler*, 532 S.W. 2d 136, 137-38 (Tex. Civ. App. —Dallas 1975, writ ref'd n.r.e.) ("The purpose of requiring written

notice and proof of loss within ninety-one days is to enable the insurer to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise"); *FDIC v. Booth*, 82 F.3d 670, 678 (5th Cir. 1996) ("In occurrence based policies, the notice requirement is generally included to aid the insurer in administration of its coverage of claims[]. . .") (emphasis omitted). While proof of loss and/or notice requirements afford valuable rights to the insurer, such provisions have not been established as an essential part of the bargained for exchange in an occurrence based policy such as the one at issue (Dkt. #21, Exhibit A at 33 ("The policy applies only to losses or occurrences that take place during the policy period.")). *See e.g., PAJ, Inc. v. Hanover, Ins.,* 243 S.W.3d 630, 635 (Tex. 2008) (holding that "the timely notice provision was not an essential part of the bargained-for exchange under PAJ's occurrence-based policy"). Indeed, the Fifth Circuit has held that in the case of an occurrence policy, any notice requirement is subsidiary to the event that triggers coverage. *Id.* (quoting *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 (5th Cir. 1999)).

Moreover, even were that not the case, the holding in *PAJ* does not rest on the distinction between conditions precedent and covenants. It is clear that, while clauses in an insurance policy were historically treated as conditions precedent, such is no longer the case. *See Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987). Under current Texas law, regardless of whether a policy provision is characterized as a covenant, condition precedent (as Defendant argues), or exclusion, the insurer must still demonstrate prejudice caused by the plaintiff's non-compliance. *See e.g., PAJ.,* 243 S.W.3d at 634-35. Consequently, while Defendant asks the Court to deem the POL provision a bargained-for condition precedent, such a designation would not

conclude the analysis. The Court must go further to determine whether prejudice would result. *See Saint Paul Guardian Ins. Co. v. Centrum G.S. Ltd.*, 383 F.Supp.2d 891, 901 (N.D. Tex. 2003) ("[T]he Fifth Circuit has recognized a modern trend in the case law away from the traditional contractual approach towards a view that considers prejudice to an insurer a relevant factor in determining whether to enforce a condition precedent to insurance coverage.").[1]

Defendant claims that it has been prejudiced because it was forced to prematurely litigate this case without the benefit of each piece of information required to be submitted in the POL. "A showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Polen*, 2017 WL 661836 (citing *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. App.— Dallas 2006, no pet.)). With respect to the prejudice requirement, the Texas Supreme Court has further explained:

> In determining the materiality of a breach, courts will consider, among other things, the extent to which the nonbreaching [sic] party will be deprived of the benefit that it could have reasonably anticipated from full performance. The less the non-breaching party is deprived of the expected benefit, the less material the breach.

*Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994) (citations and footnotes omitted). Applying this materiality principle to the facts of this case, a finding of prejudice simply cannot be supported. Plaintiff timely submitted a claim to Defendant. After receipt of the claim, Defendant had an opportunity to inspect the damage to the Property and to engage in attempts to settle the claim. Here too, the Parties engaged in correspondence for several months regarding the disputes between them both as to coverage and loss amounts, providing Defendant additional opportunity to investigate and make inquiries. Plaintiff's civil complaint provides the bulk of the

---

[1] The Court does not find *Morales v. Allstate Fire & Casulty Insurance Co.*, upon which Defendant relies to support its argument that the POL provision is a condition precedent, persuasive. No. 5:16-CV-1067 (W.D. Tex. Feb. 6, 2017).

information required by the terms of the POL provision, and the Court does not find that the unsworn nature of the complaint deprives Defendant of the value of the information provided or precludes substantial compliance. Accordingly, the Court overrules Defendant's remaining objections.

## CONCLUSION

Having considered each of Defendant's timely filed objections (Dkt. #32), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #31) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant Allstate Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule (12)(b)(6) Motion to Dismiss (Dkt. #21) is **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 10th day of April, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE